UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TREVER KYLE JESTER, ET AL. | § | |
| | § | |
| v. | § | CIVIL NO. 4:24-CV-00207-ALM-AGD |
| | § | |
| JUSTIN PAUL, ET AL. | § | |

**ORDER FOR AMENDED COMPLAINT**

On March 7, 2024, *pro se* Plaintiffs Trevor Kyle Jester, Brad Jester, Ginger Jester, Wesley Jester, Brittany Jester, Mark Lieberman, Kathleen Lieberman, Stanton Sprabary, and Erika Sprabary filed an "Emergency Ex-Parte Petition to Invalidate Court Proceedings ICWA Violations" (Dkt. #1). Plaintiffs' Petition is extensive, but generally alleges that Defendants Justin Paul and Wendy Walker are in wrongful possession of T.A.J., a minor child (Dkt. #1). Plaintiffs seek to have the court invalidate the state court proceedings pursuant to the Indian Child Welfare Act, Section 1914. (Dkt. #1 at p. 56). Following a review of the live pleading, it is unclear whether the court can exercise personal jurisdiction over Defendants and whether venue is proper in the Eastern District of Texas, Sherman Division.

"The Due Process Clause permits the exercise of personal jurisdiction over a non-resident defendant when the defendant has established minimum contacts with the forum state 'such that maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Lahman v. Nationwide Provider Sols.*, No. 4:17-CV-00305, 2018 WL 3035916, at *4 (E.D. Tex. June 19, 2018) (citing *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990)).[1] Additionally,

---

[1] "Minimum contacts with a forum state can be satisfied by contacts that give rise to either general jurisdiction or specific jurisdiction." *Lahman*, 2018 WL 3035916, at *4 (citing *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)). "General jurisdiction exists only when the defendant's contacts with the forum state are so 'continuous and systematic' as to render them essentially at home in the forum State." *Lahman*, 2018 WL 3035916, at *5 (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)). "Substantial, continuous and systematic contact with a forum is a difficult standard to meet and requires extensive contacts between a defendant and the forum." *Id.* (citing *Johnston*, 523 F.3d at 609).

1

specific personal jurisdiction exists "over a nonresident defendant whose contacts with the forum state are singular or sporadic only *if* the cause of action asserted arises out of or is related to those contacts." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 212 (5th Cir. 2016) (emphasis in original). These contacts with the forum state "must be more than 'random, fortuitous, or attenuated, or of the unilateral activity of another party or third person." *ITL Int'l Inc. v. Constenla, S.A.*, 669 F.3d 493, 498 (5th Cir. 2012).

Next, venue for civil actions in United States District Courts is generally covered by 28 U.S.C. § 1391. A civil action in federal court can be filed in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Regarding the allegations related to venue and personal jurisdiction, the relevant facts are not clearly stated. However, it appears that Defendants reside in Oklahoma. *See, e.g.* (Dkt. #1 at p. 21) ("Defendants falsely claim Oklahoma is the child's home state."). With respect to specific personal jurisdiction, it not readily apparent whether "the cause of action asserted arises out of or is related to" Defendants' contacts with the Eastern District of Texas. And, with respect to venue, it appears that "a substantial part of the events or omissions giving rise to the claim" took place in Oklahoma. *See, e.g.* (Dkt. #1 at p. 22) (alleging that domestic violence between Defendants and an incident involving a dog mauling T.A.J. took place in Defendants' home). As such, the court

questions whether it can exercise personal jurisdiction over Defendants and whether venue is proper in the Eastern District of Texas.

In light of Plaintiffs' *pro se* status, the court concludes that Plaintiffs should be provided an opportunity to file an amended complaint to clarify the issues delineated by the court. Courts often afford *pro se* plaintiffs an opportunity to amend. *See, e.g.*, *Smith v. City of Princeton*, No. 4:17-CV-85-ALM-CAN, 2017 WL 9285413, at *3 (E.D. Tex. June 8, 2017), *report and recommendation adopted*, No. 4:17-CV-85, 2017 WL 3033397 (E.D. Tex. July 18, 2017); *Kiper v. BAC Home Loans Servicing, LP*, 884 F. Supp. 2d 561, 577 (S.D. Tex. 2012). Plaintiffs should include every issue they wish to raise, as an amended complaint entirely supersedes and takes the place of an original complaint. *Clark v. Tarrant Cnty.*, 798 F.2d 736, 740 (5th Cir. 1986). Accordingly,

It is therefore **ORDERED** that on or before ***Thursday, March 28, 2024, at 5:00 p.m.***, *pro se* Plaintiffs shall file an amended complaint setting forth:

(1) The basis for venue in the Eastern District of Texas, Sherman Division;

(2) The basis for this court's exercise of personal jurisdiction over Defendants; and

(3) The residence of each Defendant for jurisdictional purposes.

Alternatively, Plaintiff may notify the court that venue is improper in the Eastern District of Texas, Sherman Division, and seek a transfer to a proper district or dismiss this suit for improper venue. ***Failure to comply with this Order may result in a recommendation of dismissal under Federal Rule of Civil Procedure 41(b).***

**IT IS SO ORDERED.**

**SIGNED this 10th day of March, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE