UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TREVER KYLE JESTER, ET AL. | § | |
| | § | |
| v. | § | CIVIL NO. 4:24-CV-00207-ALM-AGD |
| | § | |
| JUSTIN PAUL, ET AL. | § | |

## **ORDER**

On March 7, 2024, *pro se* Plaintiffs Trevor Kyle Jester, Brad Jester, Ginger Jester, Wesley Jester, Brittany Jester, Mark Lieberman, Kathleen Lieberman, Stanton Sprabary, and Erika Sprabary filed an "Emergency Ex-Parte Petition to Invalidate Court Proceedings ICWA Violations" (Dkt. #1). On March 10, 2024, the court ordered Plaintiffs to amend their complaint to address personal jurisdiction and venue (Dkt. #5). On March 28, 2024, Plaintiffs filed their First Amended Complaint (Dkt. #6) and several additional attachments (Dkt. #7; Dkt. #8; Dkt. #9; Dkt. #10; Dkt. #11; Dkt. #12; Dkt. #13; Dkt. #14; Dkt. #15). Plaintiffs' First Amended Complaint is extensive, but generally alleges that Defendants Justin Paul and Wendy Walker are in wrongful possession of T.A.J., a minor child (Dkt. #6). Plaintiffs seek to have the court invalidate the state court proceedings pursuant to the Indian Child Welfare Act, Section 1914. (Dkt. #6 at p. 56). Following a review of the First Amended Complaint, the court concludes that venue is improper in the Eastern District of Texas, Sherman Division.

Under the Federal Rules of Civil Procedure, venue is proper in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

FED. R. CIV. P. § 1391(b). A court has broad discretion to in determining whether to transfer

a case under § 1406(a) and may "transfer the case upon a motion or sua sponte." *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987). Plaintiffs' First Amended Complaint demonstrates that no Defendant resides in the Eastern District of Texas (Dkt. #6 at p. 6). Additionally, it does not appear that the Eastern District of Texas is the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." For example, Plaintiffs allege that Defendants "had contact with Denton County in the way of participating in last two months of the Texas, Drug Court of Denton Program, Case 18-3808-211" because Defendants were permitted to monitor Alexandra Hayden's completion of the program in Oklahoma (Dkt. #6 at p. 7). Additionally, Plaintiffs allege that T.A.J. was mauled by a dog while in Defendant Wendy Walker's care in Tulsa, Oklahoma (Dkt. #6 at p. 21). Plaintiffs further allege that Defendants unlawfully removed T.A.J. from the reservation after Alexandra Hayden's death and transported T.A.J. to their home in Tulsa, Oklahoma (Dkt. #6 at p. 34). Finally, Plaintiffs' Amended Complaint did not establish that the court had personal jurisdiction over Defendants. Accordingly,

This civil action is hereby **TRANSFERRED** to the United States District Court for the Northern District of Oklahoma for further disposition.

**IT IS SO ORDERED.**

**SIGNED this 23rd day of May, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE